Dear Mr. Goux:
Your opinion request to this office advises that the Greater New Orleans Expressway Commission (GNOEC) is considering the installation of one or more conduits below the roadway of the Causeway bridge, each of which could contain several ducts designed to hold fiber optic communication cables. Such fiber optic cables would provide enhanced communications for the densely populated areas on both the north and south shores of Lake Ponchartrain.
It is anticipated that the GNOEC will use one cable duct to meet its own communications needs. The remaining cable ducts could be made available to the public, with the objective of recouping the cost of installation of the conduit(s) and generating recurring revenues to help defray the general maintenance expense for the Causeway. The GNOEC seeks guidance in the appropriate means of seeking and contracting with entities interested in utilizing the cable ducts available to the public.
You have asked for our opinion on the following issues:
 1. Does the GNOEC have the specific or implied authority and power to enter into such agreements with private users under its enabling statutes and Articles of Incorporation?
 2. Can the GNOEC enter into private use contracts on the basis of a Request for Proposals rather than by public bid as required by the Public Lease Law (La. R.S. 41:1211
and following), the Public Bid Law (La. R.S. 38:2211 and following), or any other applicable statutes?
 3. If the answer to Question 2 is negative, can the GNOEC enter into such agreements with private users under the franchising authority of the parishes of Jefferson and St. Tammany, and, in that case, would La. R.S. 33:4361
apply?
Issue 1: As indicated in your request, the GNOEC was created in 1954 pursuant to the authority granted by La. R.S. 33:1321-1334 for two or more public entities to enter agreements to engage jointly "in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking." [R.S. 33:1324] This statute then specifically names "causeways" among the public projects which may be undertaken and operated pursuant to this statute.
R.S. 33:1332 specifically authorizes the establishment of a "joint commission as an agency and instrumentality of such parishes or municipalities to administer the terms . . ." of the agreement and identifies the commission as a "body corporate". R.S. 33:1324D identifies the commission as "a body politic and political subdivision of the state of Louisiana as defined in Article VI, Section 44 of the Louisiana Constitution, with all rights powers, and authority granted to political subdivisions of the state under the constitution and general laws of the state . . ."
Political subdivisions have the authority to lease public property as lessor pursuant to R.S. 41:1211 and following. Parishes have the authority to grant franchises over public ways pursuant to R.S. 33:4361 and following. Therefore, we would conclude that GNOEC, as a creature of two parish governments, has the authority to enter agreements such as those suggested in your request.
Issue 2: The statute which most directly addresses the goal you seek to achieve is the Public Lease Law, R.S. 41:1211 and following, which requires a public bid process. There is no authority for the use of a RFP in connection with a solicitation for lessees of public land or facilities. However, specifications for such leases may dictate in detail the limited purposes for which the public property may be utilized and the structure and sequence of compensation.
The case of State ex rel. Cuccia v. French Market Corporation etal (La.App. 4th Cir. 1976) 334 So.2d 241 makes clear that the Public Lease Law is applicable to structures on public lands (such as the Causeway) as well as to vacant lands. Plantation on theGreen, Inc. v. Gamble (La.App. 4th Cir. 1983) 441 So.2d 299
restates the maxim that, "The object of the Public Lease Law is to assure that the most advantageous lease possible will be obtained in an atmosphere of secret, competitive bidding." Gamble also holds that the lessor may structure its bid solicitation and evaluation so that proposals will generate the greatest possible revenue.
Taken together, these two cases suggest that detailed specifications can be used to clearly delineate what limited public property is available and how it may be utilized by a lessee, and that the GNOEC may structure the lease compensation so that maximum financial returns are realized. You have indicated that several fibre optic cable ducts will be available for lease. With this in mind, once bids are received and the high bidder is determined, you may choose to award contracts at the high bid amount to any of the bidders who are willing to accept such terms and prices, so long as the original terms and conditions for the bidding make this clear. We reach this conclusion from the language of R.S. 41:1215A(1) which provides that, "The lessor shall accept only the highest bid submitted to it by a person or persons who meet all the conditions of this Part . . ." Subsequent paragraphs refer to "successful bidders" and "leases", lending support to the idea of multiple lease awards based on the high bid price. Of course, you may also structure your bid terms and conditions so that a fixed number of bids will be accepted (based on the number of ducts available) at the prices offered by each of the highest bidders. The choice of bid structure should be made based on knowledge of how the fibre optic business operates and on the strategy which will produce the greatest revenue for the GNOEC.
Lease payment terms may require that a large initial payment be made by each lessee in order to defray the cost of conduit installation, with later payments of a lesser, recurring amount for the entire lease term.
Although not mentioned in your request, there is another statute which provides for the use of RFPs which may available to you. R.S. 38:2234-2237, the Political Subdivisions Telecommunications and Data Processing Procurement Law, allows the use of either sealed bids or Requests for Proposals in seeking contractors for the lease, rental or purchase of telecommunications or data processing systems, including equipment and related services. While primarily intended for contracts involving the expenditure
of public funds there is nothing which would prohibit its use for a project such as you describe, involving both the installation of equipment for your own use as well as facilities which would be used by private parties who would pay the public entity for the right to use public property.
Issue 3: As a creation of Jefferson and St. Tammany Parishes, the GNOEC may exercise the power to grant nonexclusive franchises, which authority is granted to parishes in R.S. 33:4361. R.S.33:1324 allows parishes acting jointly to exercise any power which is authorized to any one of the participants under a provision of general or special law. While we have some reservations regarding the appropriateness of a franchise for the mere transport of fibre optic signals from one end of the Causeway to the other without exacting a requirement of delivering particular services to citizens on one side or the other, there is nothing in the law which would preclude such use of the franchise authority. Multiple franchises may be granted and fee arrangements may take many different forms, as may be determined by GNOEC in advance of the process. While there is no indication in statutory law as to how a franchise must be awarded, there is also no prohibition on the use of a RFP for soliciting potential franchisees. Indeed, such an open competitive process has significant advantages.
In conclusion, it appears that the GNOEC may utilize the Public Lease Law, the Political Subdivisions Telecommunications and Data Processing Procurement Law, or the franchise authority to enter into arrangements with entities interested in using the facilities of the Causeway for the transport of fibre optic signals. Of these three options the Public Lease Law requires a sealed bid procedure while the other two may be initiated by use of a Request for Proposals.
I trust that this answers your inquiry. Please advise if we may be of any further assistance in this matter.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI:GRD:jv